**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SCHUFF STEEL COMPANY** )<br>3003 N. Central Avenue )<br>Suite 1500 )<br>Phoenix, Arizona 85012 )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**BOSWORTH STEEL ERECTORS, INC.** )<br>4001 Jaffee Street )<br>Dallas, Texas 75216 )<br>)<br>**Serve Registered Agent:** )<br>**CT CORPORATION SYSTEM** )<br>1015 15th Street N.W. )<br>Suite 1000 )<br>Washington, DC 20005 )<br>)<br>**and** )<br>)<br>**TRAVELERS CASUALTY AND SURETY** )<br>**COMPANY OF AMERICA** )<br>One Tower Square )<br>Hartford, Connecticut 06183 )<br>)<br>**Serve Registered Agent:** )<br>**CORPORATION SERVICE COMPANY** )<br>1090 Vermont Avenue, N.W. )<br>Suite 430 )<br>Washington, D.C. 20005 )<br>)<br>**Defendants.** )<br>) | Case No.: _____ |

## **COMPLAINT**

COMES NOW Plaintiff Schuff Steel Company ("Plaintiff" or "Schuff"), by its undersigned counsel, and hereby brings this action against Bosworth Steel Erectors, Inc. ("Bosworth") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, "Defendants"). In support, thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff Schuff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Phoenix, Arizona. Plaintiff Schuff is a company engaged in the fabrication and erection of structural steel for the construction industry.

2. Upon information and belief, Defendant Bosworth is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Dallas, Texas. Upon information and belief, Defendant Bosworth is a company engaged in the business of steel erection for the construction industry.

3. Upon information and belief, Defendant Travelers is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. Travelers is, upon information and belief, engaged in the business of, among other business activities, underwriting and issuing surety bonds for the construction industry.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between Plaintiff and Defendants.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

6. The claims for relief alleged in this Complaint are for breach of a contract against Defendant Bosworth and for recovery under a performance bond issued by Defendant Travelers.

## FACTS AND BACKGROUND

7. This action arises out of the construction of the new DC United Soccer Stadium located at 100 Potomac Avenue, S.W., Washington, D.C. 20024 (the "Project").

8. Turner Construction Company, as contractor, entered into a contract with DC Stadium, LLC, as owner, for Turner, as contractor, to provide goods and services for the construction of the new DC United Soccer Stadium.

9. Turner Construction Company entered into a contract with Plaintiff Schuff for Plaintiff Schuff to provide a portion of the work Turner Construction Corporation had contracted to provide in the construction of the Project.

10. By written Subcontract Agreement, Subcontract Number 3489-6003 ("Subcontract"), Plaintiff Schuff contracted with Defendant Bosworth for Bosworth to install and erect steel framing, metal deck and precast, touch-up of primer and finish painting, shuttle precast, grouting and patching, overtime and other work as more specifically described in the Subcontract for the construction of the Project. The original Subcontract sum to be paid Defendant Bosworth for performance of the work in compliance with the Subcontract was $7,975,000.00.  (A copy of the Subcontract Agreement is attached and incorporated herein as **Exhibit 1**.)

11. Defendant Travelers issued a Subcontract Performance Bond, Bond No. 106688943, a copy of which is attached and incorporated herein as **Exhibit 2**, binding Defendant Bosworth, as principal and Defendant Travelers as surety, jointly and severally, unto Plaintiff Schuff as obligee in the amount of $7,975,000.00, conditioned upon Defendant Bosworth performing the work under Subcontract Number 3489-6003.

12. Defendant Bosworth did not complete the work it contracted to perform under Subcontract Number 3489-6003.

13. Defendant Bosworth did not perform in accordance with Subcontract Number 3489-6003 and was in default in at least the following ways and instances:

    a. failing to properly staff the Project at appropriate and necessary levels of staffing to comply with the Project schedule, thereby delaying the Subcontract work;

    b. refusing to work overtime, contrary to direction(s), including nights and weekends to maintain the Project schedule, thereby delaying the Subcontract work;

    c. failing and refusing to plan and coordinate its work activities resulting in delays to the Subcontract work;

    d. untimely follow-up with sufficiently staffed detail crews to complete bolt-up, welding, deck placement and touch-up paint in order to meet turnover dates, thereby delaying the Subcontract work;

    e. failing to perform precast concrete installation in a timely manner and with acceptable tolerances, thereby delaying the Subcontract work;

    f. failure to secure acceptance of precast installation prior to proceeding with installation and grouting, resulting in notices from the contractor Turner Construction Company to Plaintiff Schuff to perform extensive rework to that precast and grout installed by Defendant Bosworth;

    g. failing to install the West Canopy Deck correctly, i.e. off grid beyond acceptable tolerances, and continuing to install and fasten the deck improperly contrary to direction(s) to stop and make corrections; thereby compounding the affected deck incorrectly installed and delaying the completion of the Subcontract work; and

      h.    performing the critical crane pick for the installation of the North Scoreboard in a reckless, unsafe and negligent manner, without submission and approval of a critical lift plan, in excess of the 75% crane capacity threshold, resulting in the contractor Turner Construction Company shutting down the crane, and cancelling the pick; such circumstances constituting an emergency affecting the safety of persons and or property and grounds for termination without notice under Paragraph 14.b. of the Subcontract.

14.    By letter dated September 27, 2017 to Defendant Bosworth, Plaintiff Schuff notified Bosworth that Bosworth's aforementioned acts and omissions were in material default of its obligations under the Subcontract, and that Schuff intended to terminate Bosworth's performance two working days after receipt of Schuff's notice letter.

15.    By letter dated September 29, 2017, with the reference line Notice Of Failure To Cure Default, Plaintiff Schuff notified Defendant Bosworth that not only had Bosworth failed to adequately address or sufficiently remedy its defaults identified in Plaintiff Schuff's prior notice of default letter dated September 27, 2017, but further, Bosworth had demobilized and abandoned the Subcontract and Project.

16.    Plaintiff Schuff's September 29, 2017 letter also notified Defendant Bosworth that Defendant Travelers should take whatever action necessary to arrange for completion of the erection of the Project, but in order to mitigate damages, Plaintiff Schuff would continue the performance of Bosworth's erection work for the Project.

17.    By separate letter dated September 29, 2017, enclosing copies of Schuff's aforementioned letters dated September 27, 2017 and September 29, 2017 to Bosworth, Plaintiff Schuff notified Defendant Travelers that its bond principal, Bosworth, had been issued a Notice of Default under the Subcontract for the Project, that Bosworth had failed to adequately address

or sufficiently remedy its defaults and Bosworth had demobilized from the Project. Plaintiff Schuff's letter demanded that Defendant Travelers fulfill its obligations under Bond No. 106688943 as well as notified Travelers that in order to mitigate the potential damages and impacts to Schuff and the Project, Schuff was forced to continue Bosworth's work under the Subcontract while Travelers was investigating the Project.

18. By letter to Schuff dated October 6, 2017, Defendant Travelers confirmed receipt of Schuff's letter dated September 29, 2017, enclosing Schuff's letters dated September 27, 2017 and September 29, 2017 to Bosworth, and Travelers further wrote, "[t]he Surety recognizes the Failure To Cure as a termination and/or default notice."

19. In its letter dated October 6, 2017, Defendant Travelers advised it would be investigating the validity and merits of the termination and/or default.

20. By letter dated October 16, 2017, Plaintiff Schuff notified Defendant Bosworth that its performance bond surety, Defendant Travelers, had as of the date of the letter failed to cure any of Bosworth's defaults nor made arrangements to complete Bosworth's scope of work for the Project.

21. By letter dated November 15, 2017 to Plaintiff Schuff, Defendant Travelers requested an examination of the Project site during the last week of November, 2017 as one of the surety's needs in order to fully investigate Schuff's performance bond claim.

22. Defendant Travelers conducted its site visit and examination of the Project on November 29, 2017.

23. By letter to Schuff dated January 2, 2018, Defendant Travelers requested additional documents, copies of almost all of which were already in the possession of Traveler's bond principal, Defendant Bosworth.

6

24. As of the date of this Complaint, Defendant Travelers has not accepted or denied Plaintiff Schuff's demand that Defendant Travelers fulfill its obligations under the performance bond issued on behalf of Defendant Bosworth. In the meantime, during Travelers' inaction, Plaintiff Schuff proceeded to substantially complete Bosworth's Subcontract work.

25. As a direct and proximate result of its defaults in performance and abandonment of the Subcontract, Defendant Bosworth has caused costs to Plaintiff Schuff in the amount of at least $1,000,000.00 more than the amount that Schuff would have paid to Bosworth for the same work under the Subcontract. As a further consequence, Plaintiff Schuff is now exposed to claims of delay and potential assessment of liquidated damages from the contractor Turner Construction Company.

26. As a direct and proximate result of Defendant Travelers' failure to fulfill its obligations under the Bond, Defendant Travelers has caused costs to Plaintiff Schuff in the amount of at least $1,000,000.00 more than the amount that Schuff would have paid to Bosworth for the same work under the Subcontract; and exposed Plaintiff Schuff to claims of delay and potential assessment of liquidated damages from the contractor Turner Construction Company.

27. Plaintiff Schuff has fulfilled its obligations under the Subcontract, and any and all conditions precedent to bringing this action have been satisfied or waived.

## COUNT I
### BREACH OF CONTRACT AGAINST BOSWORTH STEEL ERECTORS, INC.

28. Plaintiff Schuff incorporates in this paragraph and asserts as if fully set forth herein the preceding paragraphs 1 through 27.

29. Defendant Bosworth defaulted in performance and materially breached the Subcontract with Plaintiff Schuff for the Project.

30. As a direct and proximate result of Defendant Bosworth's material breaches of the

Subcontract, Plaintiff Schuff has incurred damages in the amount of at least $1,000,00.00 plus costs and attorneys' fees in a continuing amount.

## COUNT II
### BREACH OF PERFORMANCE BOND AGAINST TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA AND BOSWORTH STEEL ERECTIONS, INC.

31. Plaintiff Schuff incorporates in this paragraph and asserts as if fully set forth herein the preceding paragraphs 1 through 30.

32. Under the terms of the Bond, Defendants Travelers and Bosworth are jointly and severally liable to Plaintiff Schuff and are bound unto Plaintiff Schuff in the sum of $7,975,000.00 for Defendant Bosworth's performance of the Subcontract with Plaintiff Schuff.

33. Instead of performing its obligations under the Subcontract with Plaintiff Schuff, Defendant Bosworth defaulted in performance of its obligations under the Subcontract.

34. On September 27, 2017, Plaintiff Schuff declared and notified Defendant Bosworth that Bosworth was in default under the Subcontract Agreement with Plaintiff Schuff for failing to perform the Subcontract Agreement work.

35. By letter to Travelers dated September 29, 2017, Plaintiff Schuff provided Travelers with Schuff's Notice of Default to Bosworth, notified Travelers that Bosworth had failed to adequately address or sufficiently remedy its material defaults and demanded that Defendant Travelers fulfill its obligations under the Performance Bond.

36. To date, Defendant Travelers has neither admitted nor denied liability to Plaintiff Schuff for Schuff's demand on the Bond, and Travelers has not otherwise fulfilled its obligations under the Bond.

37. In failing to fulfill its obligation under the Bond, Defendant Travelers has

materially breached the Bond.

38. As a direct and proximate result of Defendant Bosworth's default and Defendant Travelers' failure to fulfill its obligations under the terms of the Bond, there is an amount owing to Plaintiff Schuff of an amount not yet fully determined, but expected to be at least $1,000,000.00.

39. Defendants Travelers and Bosworth have not performed under the terms of the Bond.

40. Plaintiff Schuff is entitled to recover from Defendants Bosworth and Travelers, jointly and severally, under the terms of the Bond, an amount of not less than $1,000,000.00.

41. Plaintiff Schuff has complied with all its obligations under the terms of the Bond.

WHEREFORE, Plaintiff Schuff Steel Company requests judgment as follows:

A. On Count I, for judgment against Bosworth Steel Erections, Inc. in the amount of $1,000,000.00, or such amount as the evidence may show;

B. On Count II, for judgment against Bosworth Steel Erectors, Inc. and Travelers Casualty and Surety Company of America, jointly and severally, in the amount of $1,000,000.00 or such other amount as the evidence may show;

C. On both Counts I and II, for its attorneys' fees and costs incurred in this action;

D. For its costs of suit herein; and

E. For such other and further relief in favor of Plaintiff Schuff Steel Company as this Court deems just and appropriate.

Dated: February 26, 2018

/s/ Brian Cashmere
Brian Cashmere (D.C. Bar No.: 456029)
**WILLIAMS MULLEN PC**
8300 Greensboro Drive, Suite 1100
Tysons Corner, Virginia 22102
(703) 760-5200 (telephone)
(703) 748-0244 (facsimile)
bcashmere@williamsmullen.com
*Counsel for Plaintiff Schuff Steel Company*